Mr. Justice Cox
delivered the opinion of the court.
This case, which is before us for the second time, was an action brought upon the following paper:
“ Washington, D. C., May 6, 1879.
E. A. Cotharin: You are hereby authorized to insert my advertisement in the (Musical Gift,’ to occupy one-half column second page, for and in consideration of which I agree to pay to you or order, on presentation of this contract and certificate from a printer as to the number printed, at the rate of $10 for each and every 1,000 copies of the total number printed and delivered for distribution ; 500 copies to be delivered to me for free distribution. The edition not to exceed 50,000 copies. In case I do not furnish copy of advertisement for above edition within five days from above date, space may be charged for at the same rate as though copy had been furnished.
E. G. Davis,
Street and No., 719 Marlcet Space.’’
The record presents ten bills of exceptions, of which the first only is in proper condition to be considered by the *149 court. Not one of the others embody any testimony or even refer to any previous hills of exceptions.
In the case of Oliver against Cameron, Mac Arthur & Mackey, 237, this court recognized the rule which has prevailed in Maryland, that every bill of exceptions must be complete, either by setting out all the facts on which it is founded, or by referring to some other bill of exceptions which distinctly enumerates them. In this case none of the bills of exceptions, after the first, contain any reference to the preceding ones, or incorporate any fact upon which they are founded.
We haVe, therefore, only to consider the first bill of exceptions, and from that it appears that after the plaintiff had offered prima facie evidence to prove the handwriting of the defendant, &c., and had shown his own performance of the undertaking, the defendant, made an offer of proof which may be said to embrace two propositions. He offered first to prove that when he signed the contract there was a blank where the figures “50,000” now appear ; and, secondly, to show that it was the understanding between him and the plaintiff that the blank was to be left unfilled, and that the defendant was only to pay the plaintiff ten dollars under said contract instead of five hundred dollars as claimed in this action.
This offer was refused, and it was said, in the course of the argument, that the court below felt constrained to exclude the evidence under the previous ruling of this court in reviewing the first trial of the case. It becomes, there, fore, necessary to refer to the opinion which was delivered before in reference to this same case, and which is reported in 2d Mackey, 230.
It appears that at the first trial, after the defendant had himself testified to the existence of a blank in the paper when it was signed by him, he offered to show that similar papers had been presented to other parties in Washington also containing blanks, all of which were found afterwards to be filled up with the same number of “ fifty thousand ” copies. That evidence was admitted below, against objec *150 tion. The fact offered to be proved was considered by this court res inter alios, and the judgment below was reversed on that ground, and that is the only question the court professed to decide in the former hearing given in the General Term. But in delivering the opinion in that case the decision on that question was prefaced by some suggestions and queries which are said to have influenced the court at the last trial in the ruling which is now complained oí. I said on that occasion:
“If any wrong was done, the probability, it seems to me, is that it was in omitting the words (these large figures) 50,000 copies — for the purpose of preventing the defendant’s attention from being called to the magnitude of the undertaking he was entering upon. He was thus, perhaps, lulled into some security and deterred from inspecting the instrument with the care that he ought to have exercised. Whether that folly of his is a defence or not is not a question before us, because the record limits us to the question of evidence simply.”
It will be seen, therefore, that we disclaimed any discussion of the question thus suggested, and really, therefore, it had not the force of a decision which the court below was bound to follow .
Upon re-examining this question and reconsidering the question which is now presented, it seems to us very plain that if the jury should find that the plaintiff in this case left a blank in this paper and filled it up after it was signed by the defendant, for the express purpose of concealing from him the magnitude of the undertaking, he was attempting to procure from him a larger contract than the defendant had in contemplation — which would be a plain fraud — and evidence tending to establish that ought to be admitted, and evidence that the paper was in blank when signed; and was filled up afterwards, is evidence tending to prove that condition of things.
But there is still another question. Proof was offered to show that the blank, by common understanding, was to be jeft blank, and that the defendant was only to pay the plain *151 tiff ten dollars under the settled contract. This was-objected to on the ground that it was parol evidence offered to contradict or vary a written agreement.
Here is an agreement which contains a statement “ the edition not to exceed-copies.” We consider this as having the same effect as if deliberately written out in this form, and as if the party had said he would pay ten dollars for every thousand, the edition not to exceed - copies, which is equivalent to saying that he would pay ten dollars for every thousand copies, to the amount of blank dollars.
Now, taking that as a written contract, it would be manifestly incomplete. There would he an omission, a blank in the contract, and the rule which forbids a resort to parol evidence to vary a contract does not forbid a resort to parol evidence to supply omissions or to supply blanks. There will be found a good collection of cases on this subject in the notes to 2 Phillips on Evidence, chap. 1, in which it appears that the courts have gone very far in allowing the introduction of 'parol evidence to show what they call a supplementary contract, particularly when the contract on its face is manifestly incomplete and even in cases where there is no appearance of such incompleteness on the face of the contract.
Now we think that this paper on its face was an incomplete written contract. It had a blank and it was competent for parties to supply that blank by parol proof, and it was therefore competent to show, outside of the paper, that it was agreed that the blank should remain there and that in fact the number- of copies should be only five hundred more, so as to create a liability, in the whole, of ten dollars.
We are therefore compelled to reverse the judgment in this case, and to order a new trial.